UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

UNITED STATES OF AMERICA

v.

ADALBERTO VELAZQUEZ,

                            Defendant.

--------------------------------------------------------X

SEQ CHAPTER \h \r 1USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 6, 2026

19-CR-116 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

Defendant Adalberto Velazquez, proceeding *pro se*, has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  (Def.'s Mot., ECF No. 403.)  The Government opposes Velazquez's motion.  (Gov't Opp'n, ECF No. 405.)  For the reasons set forth below, Velazquez's motion for compassionate release is DENIED.

**BACKGROUND**

The Court assumes familiarity with the facts of this case, which are detailed in its decision denying Velazquez's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  (*See* Dec. 5, 2023 Op. & Order, ECF No. 396 at 1-3.)  As relevant here, Velazquez is serving a 188-month sentence for conspiracy to distribute—and possess with intent to distribute—fentanyl and heroin, in violation of 21 U.S.C. §§ 846, 841 (b)(1)(c). (J. at 1-2, ECF No. 145.)

In 2017, the Drug Enforcement Administration ("DEA") began investigating a drug trafficking organization ("DTO") that used autobody shops in the Bronx to traffic narcotics, including fentanyl-laced heroin and cocaine.  (Presentence Investigation Report ("PSR") ¶ 14,

ECF No. 86.)  Velazquez was a leader of the DTO and owned and controlled one of the implicated autobody shops. (*Id.*)

On February 21, 2019, the Government charged Velazquez, among others, with conspiring to distribute narcotics. On August 14, 2019, Velazquez pleaded guilty pursuant to a plea agreement with the Government.  On March 5, 2020, the Court sentenced Velazquez to 188 months imprisonment. (Sent'g Tr. at 17:13-15, ECF No. 180.)  Velazquez later moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Op. & Order, at 1-3.)  This Court denied that motion on December 5, 2023. (*Id.*)

On September 26, 2024, Velazquez moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  The Court directed the Government to respond by November 7, 2024, which it did, and Velazquez to file a reply, if any, by December 19, 2024.  On January 17, 2025, the Court directed the Clerk of Court to mail a copy of the Government's opposition and the Court's scheduling order to Velazquez, as it appeared that Velazquez may not have received those documents.  In light of that possibility, the Court also extended Velazquez's reply deadline to March 7, 2025.  The Court has not, however, received a reply from Velazquez.

Velazquez is currently incarcerated at FCI Fort Dix in Hanover, New Jersey.  *See Find an Inmate*, Fed. Bureau of Prisons ("BOP"), https://www.bop.gov/inmateloc/ (last visited Jan. 29, 2026).  He attaches as an exhibit to his motion a letter to the Warden of FCI Fort Dix requesting compassionate release, dated August 15, 2024.  (Def.'s Mot., at 5.)

## LEGAL STANDARD

Under Section 3582(c)(1)(A), a court may reduce a defendant's sentence if the court finds that "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C.

2

§ 3582(c)(1)(A).  Three requirements must be met before a court can grant such relief.  First, a defendant must "fully exhaust[]" all administrative remedies with the Bureau of Prisons ("BOP").  *Id.*  Second, a defendant must show that "extraordinary and compelling reasons warrant such a reduction."[1]  *Id.*  Third, the Section 3553(a) sentencing factors must support early release.  *Id.*

## DISCUSSION

### I.    Velazquez's Motion is Properly Before the Court

A defendant may move for compassionate release only after he has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  As part of his motion, Velazquez attaches what appears to be a letter addressed to the Warden of FCI Fort Dix seeking a sentence reduction under 18 U.S.C. § 3582.  (Def.'s Mot., at 5.)  The Government acknowledges that Velazquez "exhausted his administrative remedies[.]"  (Gov't Opp'n at 4.)  Thus, Velazquez has satisfied the predicate requirement to move for compassionate release, and the Court considers his motion.

### II.    Velazquez Has Not Demonstrated "Extraordinary and Compelling" Reasons for Compassionate Release

In his motion, Velazquez argues that extraordinary and compelling reasons exist that warrant his immediate release.  (Def.'s Mot., at 2.)  Specifically, Velazquez asserts that: (1) his health is deteriorating; (2) he is at an advanced age of 67 years old; (3) there are inadequate and

---

[1] The Court's analysis as to whether a defendant has demonstrated extraordinary and compelling reasons is now controlled by the amended version of U.S.S.G. § 1B1.13.

hazardous prison conditions at FCI Fort Dix; and (4) his rehabilitation justifies his release. (Def.'s Mot., at 2, 3.) The Court addresses these points in turn.

### A.    Velazquez's Health Conditions Do Not Constitute Extraordinary and Compelling Reasons for Compassionate Release

Velazquez argues that he has received substandard medical care at FCI Fort Dix for his myriad medical conditions.  (Def.'s. Mot. at 2.)  Specifically, Velazquez highlights his "severe heart issues, fluctuating high and low blood pressure, diabetes . . . and spinal issues" as posing "life-threating risks" and diminishing "his ability to care for himself in a prison setting." (*Id.*) But nothing in Velazquez's motion establishes that these issues amount to extraordinary or compelling reasons for release.

Section 1B1.13(b)(1)(A) states that an extraordinary and compelling reason exists where a defendant is suffering from a "terminal illness," meaning one that is a "serious and advanced illness with an end-of-life trajectory."  U.S.S.G. § 1B1.13(b)(1)(A).  A defendant may also demonstrate a medical condition that constitutes an extraordinary and compelling reason for release when that condition "requires long-term specialized medical care that is not being provided" in prison, "without which [he] is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C).

Despite Velazquez's bare assertions, he does not supply any supporting medical records or other evidence to confirm his medical conditions or to demonstrate inadequate care for them. The Government acknowledges that Velazquez has the medical conditions of which he complains but asserts that they are inadequate to rise to the requisite level of severity. Indeed, the Government explains that the BOP has administered "careful medical attention . . . consistent with" Velazquez's ailments. (Gov't. Opp'n. at 2.)  For example, according to the Government's

review of Velazquez's medical records, the BOP performed a CT scan on Velazquez's spine, arranged for Velazquez to see a neurosurgeon, and ensured that Velazquez received his prescriptions to address his pain.  Accordingly, Velazquez has failed to establish that he is suffering from the sort of terminal illness or serious medical condition—or that he is suffering from a medical condition that requires specialized care that is not being provided—that justifies compassionate release. *United States v. Polanco-Gonzalez*, No. 17-CR-0688, 2026 WL 177831, at *2 (S.D.N.Y. Jan. 21, 2026) (Marrero, J.) (dismissing a pro se defendant's motion for compassionate release where the defendant failed to provide any supporting medical documentation for his alleged ailments).

### B.  Velazquez's Age is Not Enough to Constitute an Extraordinary or Compelling Reason for Release

Velazquez argues that his "advanced age," coupled with his deteriorating health, "reduce his risk of recidivism" and, therefore, justifies his compassionate release. (Def.'s Mot. at 3.)  But as explained above, Velazquez's medical ailments are neither serious enough—nor unmanaged by the BOP—to rise to the level of an extraordinary or compelling reason for release. Thus, the Court considers whether Velazquez's age alone is sufficient to satisfy this standard.

Pursuant to Section 1B1.13(b)(2), an extraordinary circumstance may exist where the defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served the lesser of either 10 years or 75 percent of his term of imprisonment.

Velazquez does not satisfy these criteria. Although Velazquez is over 65 years old, it does not appear from the record that he is experiencing a serious deterioration in physical or

mental health because of the aging process. As explained above, the physical ailments about which Velazquez complains are not serious enough for him to be facing a terminal illness. He is able to care for himself, and he is receiving appropriate care while in custody. Although the record mentions Velazquez's having been diagnosed with "likely senior dementia," there is no clinical evidence in the record—either medical records or observations from medical professionals—to establish that his dementia is advanced enough such that he can no longer care for himself. *United States v. Olivieri*, No. 8-CR.-316, 2023 WL 2366859, at *4 (S.D.N.Y. Mar. 6, 2023) (Crotty, J.) (denying compassionate release where defendant did not provide sufficient records to show the severity of his dementia). Moreover, Velazquez has not yet served enough of his sentence to satisfy the final element of this standard. This Court sentenced Velazquez to 188 months imprisonment in March 2020. At present, Velazquez has only served roughly 70 months, which constitutes neither 10 years' time nor 75 percent of his sentence. Thus, Velazquez has failed to demonstrate that his age constitutes an extraordinary or compelling circumstance so as to merit compassionate release.

### C.   The Prison Conditions Velazquez Cites Do Not Rise to the Level of an Extraordinary or Compelling Reason for Release

The prison conditions Velazquez alleges to have experienced are not extraordinary and compelling because, other than generalized complaints about the conditions, he does not state what they are. Nor does he state how they might jeopardize his health. *United States v. Farmer*, 2022 WL 47517, at *4 (S.D.N.Y. Jan. 5, 2022) (Swain, C.J.) ("[G]eneralized statements about the conditions of confinement do not constitute [extraordinary and] compelling reasons for compassionate release."); *United States v. Stewart*, 2024 WL 5046927, at *2 (S.D.N.Y. Dec. 9,

2024) (Seibel, J.). His complaints thus do not suffice to constitute extraordinary and compelling reasons for release.

**D.      Velazquez's Claimed Rehabilitation Alone is Not Enough to Constitute an Extraordinary or Compelling Reason for Release**

Velazquez also argues that his rehabilitation constitutes an extraordinary and compelling reason.  (Def.'s Mot. at 3.)  But 28 U.S.C. § 994(t) states that "[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason."  28 U.S.C. § 994(t); *see also* U.S.S.G. § 1B1.13(d).  Although the Court commends Velazquez for his beneficial activities while in prison, that conduct is not extraordinary and compelling, either on its own or in combination with Velazquez's other arguments.

**III.      The Section 3553(a) Factors Weigh Against Release**

Even if Velazquez could demonstrate an "extraordinary and compelling" reason for a sentence reduction, the Section 3553(a) factors do not support his release.  As the Court explained when it sentenced Velazquez, this was an extraordinarily serious offense given the large amounts of narcotics dealt by Velazquez's organization. (Sent'g Tr. at 15:23-25.)  And although the Court is sympathetic to Velazquez's age and medical conditions, these are not enough to merit release. Indeed, despite Velazquez's claims of his lower likelihood of recidivism, "each time he has been sentenced and served time, he has reoffended quickly." (*Id.* At 16:8-9.)  The Court acknowledges that Velazquez has submitted a release plan that involves staying with family. But as discussed at sentencing, the Court is not convinced that Velazquez's concern for his family has ever served as a deterrent for his criminal behavior. (*Id.* at 16:10-11.) Thus, Velazquez's conduct merits the sentence he received.  Moreover, a sentence reduction

would not "promote respect for the law [and] provide just punishment for the offense." 18 U.S.C. 3553(a).

## CONCLUSION

For the foregoing reasons, Velazquez's motion for compassionate release under Section 3582(c)(1)(A) is DENIED. The Clerk of Court is respectfully directed to close the pending motion at ECF No. 403 and mail a copy of this Opinion and Order to Velazquez.

SO ORDERED.

Dated:  New York, New York
        February 6, 2026

_/s/ Kimba M. Wood_
KIMBA M. WOOD
United States District Judge